## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 30 2015, 7:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Jones, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 30, 2015

Court of Appeals Case No.
15A01-1506-CR-623

Appeal from the Dearborn
Superior Court

The Honorable Sally A.
McLaughlin, Judge

Trial Court Cause No.
15D02-1212-FC-263

**Baker, Judge.**

Edward Jones appeals the judgment of the trial court ordering him to serve four years of his previously suspended sentence following his second probation violation. Finding no error, we affirm.

## Facts

On August 19, 2013, Jones pleaded guilty to two counts of class C felony intimidation with a deadly weapon and several class C misdemeanors—hunting without the consent of the landowner, illegal possession/taking of white tail deer, illegal possession/taking of river otter, hunting deer with illegal devices, and a taxidermist violation. The trial court sentenced Jones to consecutive terms of eight and two years for the intimidation convictions and to 60-day terms for each misdemeanor conviction, to be served concurrently to each other and to the intimidation terms. This resulted in a total sentence of ten years, of which the trial court ordered Jones to serve two years incarcerated and eight years under supervised probation.

On December 12, 2013, the trial court ordered Jones to serve 180 days of his previously suspended sentence after he admitted to violating the terms of his probation. On March 31, 2015, the trial court found that Jones had violated the terms of his probation a second time after Jones admitted to stealing hunting equipment and hunting illegally. As a result, on May 20, 2015, the trial court ordered him to serve an additional four years of his previously suspended sentence. Jones now appeals.

# Discussion and Decision

[4]   Probation is not a right to which a criminal defendant is entitled, but rather a matter of grace left to the discretion of the trial court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court has discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Id.* "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* Accordingly, we review a trial court's decision to revoke probation only for an abuse of discretion. *Id.*

[5]   Here, the trial court found that Jones suffers from Huntington's disease. Jones argues that the trial court's decision to revoke four years of his probation "was not necessary to bring about his reform" in light of this circumstance. Appellant's Br. p. 10. While taking Jones's disease into account, the trial court nevertheless determined that other circumstances counseled in favor of revoking four years of his probation.

[6]   The trial court first noted that Jones has shown a persistent disregard for the terms of his probation, as this is his second violation. Furthermore, the trial court found these new violations to be particularly serious, in that they were new criminal offenses, similar in nature to Jones's initial criminal offenses, that represent a continuation of his original criminal conduct. The trial court also took into account Jones's long list of prior convictions, many of which relate to hunting. Finally, the trial acknowledged Jones's diagnosis, but noted that the

disease was not so debilitating as to inhibit him from committing the new crimes.

[7] At the hearing, Jones introduced a medical research paper that suggests that sufferers of diseases such as Huntington's are more likely to commit crimes such as theft. Appellant's App. p. 278. We acknowledge that a trial court would be acting well within its discretion to take such evidence into consideration in a probation revocation proceeding. However, while we assume the research paper accurately characterizes those who suffer from such diseases generally, we note that there is no evidence in the record that indicates to what extent Jones's disease had progressed when he committed the violations at issue here, or that the violations came as a result of the disease. *See id.* at 226-38. Finally, we note that the trial court opted not to impose the maximum sanction in this case, affording Jones some lenience by leaving a large portion of his initial sentence suspended to probation. We cannot say that the trial court abused its discretion under these circumstances.

[8] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.